UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DOREL JUVENILE GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO. 1:06-cv-1295-DFH-TAB ) |
| LOIS DIMARTINIS, | ) ) |
| Defendant. | ) ) |

ENTRY ON MOTION TO AMEND COMPLAINT

Plaintiff Dorel Juvenile Group, Inc. moved for leave to amend its complaint to add as a defendant the new employer of defendant Lois DiMartinis, Summer Infant, Inc. When Dorel filed its motion to amend, its appeal of the denial of a preliminary injunction was pending. This court deferred ruling on the motion to amend, pending a decision by the Court of Appeals for the Seventh Circuit. On July 26, 2007, the Seventh Circuit dismissed the appeal as moot. *Dorel Juvenile Group, Inc. v. DiMartinis*, — F.3d —, 2007 WL 2128317 (7th Cir. 2007).

As a general rule, leave to amend pleadings should be granted liberally, particularly in the early stages of a lawsuit. See Fed. R. Civ. P. 15(a). A court may deny leave to amend if the amendment is attempted in bad faith or after undue delay, is futile, or would impose unfair prejudice on the existing parties. See, *e.g.*, *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (affirming denial of leave

to file third amended complaint); *In re Ameritech Corp.*, 188 F.R.D. 280, 282-83 (N.D. Ill. 1999) (denying leave to amend based on undue delay and prejudice). None of these criteria are met in this case.

First, there is no evidence of bad faith or undue delay on the part of plaintiff Dorel Juvenile Group, either in deciding not to name Summer Infant as a defendant at the outset or in deciding to add Summer Infant shortly after the preliminary injunction was denied. In cases such as this, the former employer will almost always consider naming the new employer as a defendant. The decision to pull that particular trigger or not may depend on a host of strategic and tactical considerations. The decision can be affected by how much the former employer knows about the actions and intentions of the new employer. The early stages of litigation against the departing employee can add information that is highly relevant to that decision. In this case, the denial of the preliminary injunction makes a significant difference in the relief available to plaintiff, a difference that was underscored by the Seventh Circuit's dismissal for mootness. Both when plaintiff moved for leave to amend and now, it appears that if plaintiff prevails on the merits of any claim, an award of money damages may be its only remedy or at least its most effective remedy. Plaintiff therefore has legitimate reasons for seeking such an award against Summer Infant, which is, under plaintiff's theory of the case, the principal beneficiary of the wrongs that plaintiff alleges.

Second, the court cannot say that the proposed amendment is futile. Defendant DiMartinis seeks to portray this case as nearly over, almost as if final judgment had already been entered for the defense. In denying a preliminary injunction, however, this court emphasized the inherently preliminary and tentative nature of its findings and conclusions, subject to further discovery and presentation of evidence. In dismissing the plaintiff's appeal, the Seventh Circuit noted that its opinion should not be construed as expressing views on the merits of the case. — F.3d at —, 2007 WL 2128317, at *3. DiMartinis has argued that Summer Infant may be able to object to personal jurisdiction and venue in this district. Perhaps that is true, but the court need not and should not decide those issues on the very limited record provided by the briefing on the motion to amend.

Third, the court sees no undue prejudice to DiMartinis by allowing the amendment. The principal prejudice might be the need to repeat some discovery that was taken when Summer Infant was not a party. As a practical matter, the volume of that discovery seems unlikely to be large, especially because Summer Infant was involved in the case at the preliminary injunction stage. At this time, there is no fixed trial date or even a discovery deadline. To the extent plaintiff might seek undue repetition of discovery, the court can readily manage that problem. That modest risk would not justify a denial of leave to amend.

Accordingly, plaintiff's motion to amend its complaint is hereby granted. The proposed amended complaint tendered with the motion shall be deemed filed

as of today. Defendant DiMartinis need not file any response to the amended complaint before Summer Infant must respond to it after service of process.

So ordered.

Date: September 17, 2007

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jeffrey M. Burns
GREENBERG TRAURIG LLP
burnsj@gtlaw.com

Gregory Andrew Duff
ICE MILLER LLP
gregory.duff@icemiller.com

Laurie J. Hurtt
Greenberg Traurig LLP
hurttl@gtlaw.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Charles H.R. Peters
SCHIFF HARDIN LLP
cpeters@schiffhardin.com

John F. Prescott Jr
ICE MILLER LLP
john.prescott@icemiller.com

Lee Ann Rabe
SCHIFF HARDIN LLP
lrabe@schiffhardin.com

James Glidden Richmond
GREENBERG TRAURIG LLP
richmondj@gtlaw.com

Michael A. Swift
ICE MILLER LLP
michael.swift@icemiller.com

Jay G. Taylor
ICE MILLER LLP
jay.taylor@icemiller.com

Nora Kersten Walsh
SCHIFF HARDIN LLP
nkerstenwalsh@schiffhardin.com